# REESE LLP

<u>Via CM/ECF</u>
Honorable Steven M. Gold            December 17, 2018
United States Magistrate Judge
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Dear Judge Gold:

      Re:    <u>Forsher v. The J.M. Smucker Co.</u>
             Case No. 1:15-cv-07180-RJD-SMG (E.D.N.Y.)

     My firm, along with co-counsel, represents Plaintiff in the above-referenced action. We submit the following in response to this Court's Order dated November 21, 2018 (ECF No. 50) that allows for limited discovery.

     Counsel for Defendant has reviewed this submission and has contributed to its content where so indicated.

     The Parties have met and conferred several times based upon a limited scope of discovery. The Parties have reviewed the discovery requests previously served on Defendant and have agreed that, at this point in time, Defendant will produce documents in response to a limited number of the Plaintiff's First Set of Requests for the Production of Documents.

     The Parties have agreed that Defendant shall not respond to any other Document Requests at this time, or to Plaintiff's Interrogatories.  The Parties also agree that the limited production does not waive Plaintiff's right to seek additional discovery, either in response to the pending Documents Requests, Interrogatories, or future discovery that may be served.

     The Parties are in the process of drafting a protective order governing confidential discovery, ESI protocol and search terms.  On December 12, 2018, Plaintiff's counsel sent defense counsel a draft of a confidentiality protective order approved in a separate case by this Court.

     Defendant's position is that production should only begin once these are completed and agreed to.  At that point, Defendant shall begin its search for responsive documents. Thereafter, Defendant shall conduct a review of those documents for relevance, responsiveness and privilege. Defendant shall then start producing relevant and responsive documents on a rolling basis. A start date for the initial production shall be contingent on the completion of the aforementioned tasks and the parties are working toward a reasonably expeditious completion of those tasks.

     Plaintiff believes that production of responsive documents should begin no later than January 11, 2019 and need not be contingent upon agreement of a protective order, ESI protocol and search terms.  These events need not delay production of the limited group of documents.

Hon. Steven M. Gold
December 17, 2018
Page 2 of 2

                                                Respectfully submitted,

                                                Michael R. Reese

Cc:    All counsel of record, via CM/ECF