UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
GRAHAM FORSHER, et al.,

                Plaintiffs,

     - against -

THE J.M. SMUCKER CO.,

                Defendant.
------------------------------------------------------------- x

**MEMORANDUM & ORDER**

15 CV 7180 (RJD) (SMG)

DEARIE, District Judge:

## OVERVIEW

Graham Forsher ("Plaintiff") brings this putative class action on behalf of a proposed class of individuals who purchased Jif Natural Peanut Butter Spread from Defendant, The J.M. Smucker Company ("Defendant"). Plaintiff brings a series of claims for false advertising, unfair and deceptive business practices, breach of warranty and fraud. In sum and substance, Plaintiff alleges that Defendant's "natural" labeling is deceptive because the sugar contained in Defendant's peanut butter might be derived from genetically modified sugar beets, which reasonable consumers would not consider "natural."

On December 12, 2018, more than three years after Plaintiff filed his complaint and three months after the Court vacated the Order staying this action, Defendant, for the first time, requested the Court consider a proposed motion to transfer venue pursuant to 28 U.S.C. § 1404(a) to the Northern District of Ohio—where Defendant is headquartered and incorporated. Plaintiff opposes Defendant's motion and argues that venue is proper in the Eastern District of New York, but concedes that if the Court deems transfer appropriate, the case should be transferred to the Northern District of California, where Plaintiff purchased Defendant's product.

For the reasons set forth below, the Court finds that a transfer of venue is appropriate. As an initial matter, and notwithstanding the fact that Defendant waived its right to challenge Plaintiff's venue selection pursuant to 28 U.S.C. § 1391 or 28 U.S.C. § 1406(a), venue is improper in this district. This determination, in combination with considerations of convenience, justice and common sense, counsel in favor of transferring this action to the Northern District of Ohio pursuant to § 1404(a).

## DISCUSSION

I. Whether Venue is Proper in the Eastern District of New York.

Although the time to bring a motion to dismiss or transfer for improper venue has passed and the argument waived for purposes of § 1391 or § 1406(a), Defendant's § 1404(a) motion asserts that venue in this district is, nevertheless, improper. Def. Br., ECF No. 58, at 1; Tri-State Emp't Servs., Inc. v. Mountbatten Sur. Co., Inc., 295 F.3d 256, 260 n.2 (2d Cir. 2002) (finding a "[d]efendant [who] failed to raise any venue challenge in a pre-answer motion or responsive pleading . . . is deemed to have waived any objection to venue"); Orb Factory Ltd. v. Design Science Toys, Ltd., 6 F. Supp. 2d 203, 207 (S.D.N.Y. 1998) (finding that after objections to venue are waived under Fed. R. Civ. P. 12(h), "any defect in venue is cured, and the benefits of a § 1406(a) transfer for lack of venue are no longer available'). Unlike motions to dismiss or transfer venue pursuant to § 1391 or § 1406(a) "which are based on the impropriety of a forum, a motion under § 1404(a) is instead based on considerations of convenience" and is not a "waivable" privilege. Agricultural Ins. Co. Inc. v. Ace Hardware Corp., 2000 WL 1568313, at *2 (S.D.N.Y. Oct. 20, 2000).[1] Accordingly, Defendant's motion to transfer under § 1404(a) is

---

[1] Plaintiff's argument that §1404(a) motions are subject to waiver misapplies the law. Plaintiff relies on Sangdahl v. Litton, 69 F.R.D. 641, 642-43 (S.D.N.Y. 1976), however in that case the defendant moved to transfer venue pursuant to § 1404(a) while defendant could still make a timely motion to dismiss for lack of personal jurisdiction. Id. The defendant did not make such a motion and his motion to transfer venue under § 1404(a) was denied. Id.

properly raised and the decision whether to transfer is left to "the broad discretion of the district court and determined upon notions of convenience and fairness on a case-by-case basis." Publicker Indus. Inc. v. United States, 980 F.2d 110, 117 (2d Cir. 1992). Therefore, even though Defendant's motion is necessarily styled as a motion to transfer pursuant to § 1404(a), and not a motion to dismiss or transfer for improper venue, whether venue is improper in this district is undoubtedly relevant to the Court's analysis of whether transfer is warranted in light of "notions of convenience and fairness." Agricultural Ins. Co. Inc., 2000 WL 1568313, at *2.

    a. *Legal Standard*

Venue is proper only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391. Moreover, "the law is clear that in determining whether venue for a putative class action is proper, courts are to look only at the allegations pertaining to the *named* representatives." Cook v. UBS Fin. Servs., Inc., 2006 WL 760284, at *6, n.2 (S.D.N.Y. Mar. 21, 2006) (emphasis added) (citing United States ex rel. Sero v. Preiser, 506 F.2d 1115, 1129 (2d Cir. 1974)); see also Kruse v. Wells Fargo Home Mortg., Inc., 2006 WL 1212512, at*7 (E.D.N.Y. May 3, 2006) (in a

---

Only then did defendant move to dismiss for lack of personal jurisdiction. Id. The Court concluded that "the underlying facts to support a motion to change venue were essentially the same as the facts upon which he ground[ed] his motion for lack of jurisdiction . . . [h]is failure to move upon the latter ground constituted a waiver and bars the present motion." Id. Therefore, in Sangdahl the defendant waived a later-raised *personal jurisdiction* defense having previously brought a motion to transfer venue under substantially the same facts. Here, Defendant does not challenge personal jurisdiction, or any other "waiveable" defense under Rule 12 but instead moves to transfer under § 1404(a), which is "non-waivable." Benjamin v. Carusona, 2010 WL 4448213, at *8 (S.D.N.Y. Nov. 5, 2010) ("Unlike a motion under Rule 12(b)(3), which is based on a forum's impropriety, a motion under section 1404(a) turns on considerations of convenience. Waiver of objection to improper venue *does not preclude transfer pursuant to section 1404(a)*" (emphasis added)); Agricultural Ins. Co. Inc., 2000 WL 1568313, at *2.

class action "the venue determination is made by reference to the *named* parties and their claims only" (emphasis added)).

    b. *Application*

Defendant argues this action "has no connection to the Eastern District of New York . . . making venue here improper." Def. Br., ECF No. 58, at 1. Specifically, Defendant asserts that because the Plaintiff has no connection to the Eastern District of New York and the "decisions, actions, and statements relevant to Plaintiff's allegations were made at Defendant's Orville headquarters," the Eastern District of New York is an improper venue for this action. Id. Plaintiff does not address the merits of whether venue is proper pursuant to § 1391(b) but instead argues that Defendant has waived *any* objection to venue, even under the "unwaiveable" § 1404(a). Pl. Br., ECF No. 59, at 2. Plaintiff then contends that this Court has both jurisdiction and venue because "Defendant sells its product to thousands of New Yorkers each year, and the Complaint encompasses these New Yorkers' claims." Id. at 1.

First, because the Defendant is incorporated in Ohio and its corporate headquarters are in Orrville, Ohio, the Defendant "resides" in the Northern District of Ohio for purposes of § 1391(b)(1). Def. Br., ECF No. 58, at 1; Bell v. Classic Auto Group, Inc., 2005 WL 659196, at *5-6 (S.D.N.Y. Mar. 21, 2005) (where defendants' principal place of business was located in New Jersey, defendants "resided" in New Jersey for purposes of 28 U.S.C. § 1391(b)(1)); see also Gonsalves-Carvahal v. Aurora Bank, FSB, 2014 WL 201502, at *6 (E.D.N.Y. Jan. 16, 2014) (finding corporations reside, for purposes of venue determinations, "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question.").

4

Second, in determining whether venue is proper under § 1391(b)(2), courts first "identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to [their] claims" and then "determine whether a substantial part of those acts or omissions occurred in the district where suit was filed." Gonsalves, 2014 WL 201502, at *6. Plaintiff purchased, and was allegedly deceived by Defendant's product labeling, in the Northern District of California. Separately, Defendant represents that "the decisions, actions, and statements relevant to Plaintiff's allegations" were made in the Northern District of Ohio—where the subject product's "natural" labeling came to fruition. Def. Br., ECF No. 58, at *1.

In light of § 1391's requirements and considering the *named* Plaintiff's claims only, venue is proper either in the Northern District of Ohio—where Defendant represents its labeling decisions took place—or the Northern District of California—where the Plaintiff purchased Defendant's product. It is clear, however, that this action does not belong in the Eastern District of New York. Indeed, without more, it cannot be that venue is proper in this district merely because Defendant sold its products here to *some* consumers potentially forming part of the putative class. Preiser, 506 F.2d at 1129; Cook, 2006 WL 760284, at*6, n.2; Kruse, 2006 WL 1212512, at *7.

Though Defendant does not assert, nor could it at this juncture, that this case must be dismissed for improper venue pursuant to § 1391, the fact that venue in this district is nevertheless improper is relevant to the Court's consideration of Defendant's § 1404(a) motion because its bears directly on whether transfer is warranted in "the interests of justice." Forjone v. California, 425 F. App'x 73, 74 (2d Cir. 2011).

5

II.  Whether Transfer is Appropriate Pursuant to § 1404(a).

    a.  *Legal Standard*

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010). Deciding a motion to transfer requires a two-part inquiry: "(1) whether the action could have initially been brought in the transferee court; and (2) whether the interests of justice and convenience of the parties and witnesses will be served by the transfer." Forjone, 425 F. App'x at 74. Courts evaluate "the interests of justice and convenience of the parties and witnesses" taking into account a combination of the following factors: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witness, and (7) the relative means of the parties." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006).

The moving party bears the burden of demonstrating "that the transfer is justified," Xiu Feng Li v. Hock, 371 F. App'x 171, 175 (2d Cir. 2010), and in deciding a motion to transfer, courts must apply the "clear and convincing evidence standard" while "operat[ing] with considerable discretion," Stolz v. Fage Dairy Processing Indus., S.A., 2015 WL 5579872, at *5 (E.D.N.Y. Sept. 22, 2015) (citing Forjone, 425 F. App'x at 74).

    b.  *Plaintiff's Choice of Forum.*

While Plaintiff's choice of forum is "normally entitled to considerable deference . . . this presumption does not apply where there is little material connection between the chosen forum and the facts or issues of the case," Cook, 2006 WL 760284, at *7, nor does it apply in the

6

context of a class action." Warrick v. Gen. Elec. Co., 70 F.3d 736, 741 n.7 (2d Cir. 1995) ("[T]he plaintiff's choice of forum is a less significant consideration in a (here, putative) class action than in an individual action"). Plaintiff's choice of forum is, nevertheless, entitled to *some* deference, even in the context of a class action. Stoltz, 2015 WL 5579872, at *6 ("Although a plaintiff's choice of forum is given less weigh in the class action context, a representative plaintiff's choice is still entitled to some deference").

Plaintiff elected to bring this action in a district with no meaningful connection to the Complaint's allegations. Indeed, Plaintiff did not purchase Defendant's products in this district and even though Defendant sells and markets its products in this district, the Defendant has not represented that any part of the product labeling "decisions, actions, and statements"—the conduct forming the basis of Plaintiff's allegations of deceptive business practices—occurred in this district. Finding no connection to the Plaintiff's allegations and the Eastern District of New York, little deference should be given to his initial choice of forum. However, with respect to Plaintiff's secondary choice of forum—the Northern District of California— "the majority of the claims are on behalf of a *California* class for a violation of *California* statutory law." Pl. Dec. 13, 2018 Ltr., ECF No. 55, at 1. Accordingly, because the Northern District of California has some "nexus with the parties, the facts, and the applicable law," and is Plaintiff's second choice of forum, to the extent this Court deems transfer appropriate, this factor weighs in favor of transfer to the Northern District of California. Id.

    c. *Convenience of Witnesses, Location of Relevant Documents and Relative Ease of Access to Sources of Proof*

"The forum's convenience for witnesses is probably considered the single most important factor in the analysis of whether a transfer should be granted," and if so, in the selection of the

7

transferee district. Chiste v. Hotels.com L.P., 756 F. Supp. 2d 382, 400 (S.D.N.Y. 2010). In general, the weight given to the convenience of witnesses depends upon whether the party seeking transfer has described the witness' testimony so the court can qualitatively evaluate its materiality. The moving party may submit an affidavit explaining why the transferee forum is more convenient" and can include "the potential principal witnesses expected to be called and the substance of their testimony. Stoltz, 2015 WL 5579872, at *7.

Here, Defendant represents that the allegedly false and misleading labeling statements or omissions were conceived in the Northern District of Ohio. Def. Br., ECF No. 58, at 1. The employees who made decisions relating to the alleged statements or omissions and who can thus testify to their veracity or capacity to mislead—undoubtedly key fact witnesses—are located in the Northern District of Ohio and are or were employed at Defendant's headquarters in Orrville, Ohio. Id. To that end, Defendant represents that relevant documents are also located in the Northern District of Ohio. Id. Plaintiff responds that "the Products at issue are not made in Ohio, but rather in several other states" so relevant witnesses are located not at Defendant's Orrville headquarters but in the states where the "natural" peanut butter was manufactured and processed. Pl. Br., ECF No. 59, at 2. Plaintiff also asserts that non-party witnesses reside in California, and their convenience is entitled to greater weight than the convenience of Defendant's party witnesses. Id.

Though Defendant represents that key witnesses reside in the Northern District of Ohio, Defendant has not described in any detail the "substance" of these witnesses' testimony. Thus, "[w]hile it is logical to assume [these witnesses] may offer some degree of relevant testimony," additional detail would have been preferable and helpful to the Court's analysis. Stoltz, 2015 WL 5579872, at *7. On the other hand, Plaintiff's attempt to discount Defendant's

representations regarding the location of its witnesses is unavailing. Plaintiff's Exhibit A is a list of Defendant's "manufacturing and processing facilities" and yet Plaintiff contends that this list of facilities reveals the true locations of Defendant's witnesses. However, Plaintiff's claims do not hinge on the mechanical processing of Defendant's product, but rather on the product's labeling and whether such labeling deceives reasonable consumers in light of the product's nutritional content. The facilities listed in Exhibit A have a clear mechanical function and likely bear little, if any, connection to the Defendant's higher-level decision-making activity. See Pl. Br. at 3, Ex. A. Instead, Defendant has represented, consistent with common business practice, that its labeling and nutritional content decisions were made at its headquarters in Ohio.

Plaintiff also asserts that non-party witnesses— "the stores from where Plaintiff bought the products"—are located in California and that the "convenience of non-party witnesses is accorded more weight than that of party witnesses." Pl. Br., ECF No. 59, at 2; Mazuma Holding Corp. v. Bethke, 1 F. Supp. 3d 6, 30 (E.D.N.Y. 2014). However, Mazuma also counsels that courts should "qualitatively evaluate the materiality of the testimony that the witness may provide" rather than simply "tally the number of witnesses" in the Plaintiff's proposed forum and compare them to the number of witnesses in Defendant's proposed forum. Id. While neither party has provided the Court with substantial detail regarding the substance of party and non-party witness testimony, Defendant has, at a minimum, indicated its Ohio-based witnesses will testify regarding "labeling and ingredients" for "natural" peanut butter —topics that are clearly relevant to Plaintiff's allegations. Decl. of Jeannette Knudsen, ECF No. 58-1. Indeed, Plaintiff's false advertising and deceptive acts and practices claims "are best addressed by the party witnesses directly involved in the [labeling decisions, actions, and statements] of the products in question." Zinky Electronics, LLC v. Victoria Amplifier Co., 2009 WL 2151178, at *5 (D.

9

Conn. June 24, 2009). On the other hand, the Court can only speculate as to what Plaintiff's California-based non-party witnesses will testify to and the materiality of that testimony.[2]

Moreover, the fact that the non-party witnesses are Plaintiff's witnesses subjects them to more limited consideration. Nieves v. American Airlines, 700 F. Supp. 769, 773 (S.D.N.Y. 1988) ("[T]he fact that a *defendant's* nonparty witnesses are not subject to compulsory process in this forum is a factor in favor of transfer"). Indeed, because the *Defendant* has been involuntarily called into Court, its employee-witnesses are just as inconvenienced as the non-party witnesses that Plaintiff, who initiated this lawsuit, intends to call. Neither witness—the Defendant's party witness or the Plaintiff's non-party witness—is appearing truly voluntarily, even if Defendant's current employees can be compelled to appear because they are within Defendant's control.

The Court finds that in light of the location of Defendant's witnesses and sources of proof, the fact that Defendant's witnesses will provide more material testimony than Plaintiff's non-party witnesses with respect to Plaintiff's claims and the mutual inconvenience Defendant's party witnesses and Plaintiff's non-party witnesses face, this factor weighs in favor of transfer to the Northern District of Ohio.

### d. Convenience of Parties

Defendant argues that litigating this action in the Northern District of Ohio, where its witnesses reside and its documents are stored, will be more convenient. Plaintiff remarkably asserts that the Northern District of Ohio is inconvenient because, notwithstanding the fact that

---

[2] To the extent Plaintiff expects its non-party witnesses—representatives from stores selling Defendant's products—to testify regarding perception and in-store placement of the subject product, these are topics that will also likely be covered by expert witnesses, whose convenience the Court need not weigh. See Stoltz, 2015 WL 5579872, at *7. Moreover, the specific stores where the Plaintiff purchased Defendant's products are, very likely, single outposts of nationwide retailers, leaving it to anyone's best guess where the witnesses who can testify to product perception and in-store placement are located.

he initially elected to file this action in the Eastern District of New York, he resides in California, which is a significant distance from the Northern District of Ohio. Plaintiff also claims his counsel are not admitted in Ohio so transfer there "will essentially deny Plaintiff the right to select his counsel." Pl. Br., ECF No. 59, at 3.

Plaintiff chose to file this action in the Eastern District of New York, 500 miles *east* of Ohio. Having already selected a forum *far outside* his home state, Plaintiff cannot now claim that another forum, one that is even closer to his home state, is inconvenient. Moreover, counsels' contention that they cannot practice in the state of Ohio is belied by Ohio's *pro hac vice* admission policy, easily accessible through a quick Internet search. See United States District Court, Northern District of Ohio, *Pro Hac Vice* Admission, https://www.ohnd.uscourts.gov/pro-hac-vice-admission ("[A]ny member in good standing of the Bar of any court of the United States or of the highest court of any state may, upon written or oral motion and payment of the *pro hac vice* admission fee (which is $120), be permitted to appear and participate in a particular case, or in a group of related cases.").

However, setting aside Plaintiff's disingenuous convenience arguments, Defendant's convenience does not weigh heavily in favor of transfer to the Northern District of Ohio. Defendant is a large corporation with adequate resources to defend this action virtually anywhere in the country. As a result, because neither party has convincingly shown that travel to *any* of the proposed districts, including this one, would be inconvenient, the Court finds that this factor is neutral.

   e. *Locus of Operative Facts*

"The location of the operative events is a primary factor in determining a section 1404(a) motion to transfer," Stoltz, 2015 WL 5579872, at *9, and in analyzing this factor, courts are to

"look to the site of the events from which the claim arises." Id. (citing Zaltz v. JDATE, 952 F. Supp. 2d 439, 460 (E.D.N.Y. 2013)). Defendant contends that the locus of operative facts in this action is in the Northern District of Ohio because, as described above, that is where the "decisions, actions, and statements relevant to Plaintiff's allegations were made." Def. Br., ECF No. 58, at 1. Plaintiff claims that the locations where the subject products are manufactured and processed are more relevant than the Northern District of Ohio and that, in any event, the Northern District of California is most relevant because that is where he purchased the subject product and where non-party witnesses are located.

Here, the Northern District of Ohio is a "locus of operative facts" because that is where employees "made strategic decisions about the sale, marketing and labeling" of Defendant's "natural" peanut butter—decisions that now form the basis of Plaintiff's claims. Stoltz, 2015 WL 5579872, at *9. The Northern District of California is also a "locus of operative facts" because that is where the *named* Plaintiff purchased the subject product. However, because this is a putative class action brought on behalf of a California class *and* a multi-state class, ultimately "the loci of the operative facts involving Plaintiffs are spread across . . . allegedly, all fifty states," whereas "the *main* locus of operative facts as to Defendant[] is [the Northern District of Ohio]." Id. Because the "main" and most geographically concentrated "locus of operative facts" relevant to this action is the Northern District of Ohio, this factor tends to weigh in favor of Defendant and transfer to the Northern District of Ohio.

## CONCLUSION

The Court finds that venue is not appropriate in this district and that transfer is warranted. Taking into account the factors described above, most notably the convenience of material witnesses and the fact that the location of Defendant's strategic decisions regarding product

12

labeling and nutritional content is the strongest contender for the "locus of operative facts," Defendant's motion to transfer venue to the Northern District of Ohio is granted.

SO ORDERED.

Dated: Brooklyn, New York
      January 16, 2019

*s/ Raymond J. Dearie*

RAYMOND J. DEARIE
United States District Judge